UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID EUGENE KOENIG,

Plaintiff,

vs.

UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. d/b/a Universal Orlando,

Defendant.
_____/

CASE NO: 6:21-cv-2001

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVID EUGENE KOENIG, sues Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. d/b/a Universal Orlando Resort, and states as follows:

**Parties, Jurisdiction and Venue**

1. This is an action for damages under the Age Discrimination in Employment Act (the "ADEA").

2. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. s. 1331.

3. Plaintiff, DAVID EUGENE KOENIG, is an individual and is a resident of Orange County, Florida.

1

4. Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. d/b/a Universal Orlando Resort, is a Florida limited partnership with its principal place of business in Orlando, Orange County, Florida.

5. This cause of action accrued in Orange County, Florida.

6. Venue is proper in this Court pursuant to 28 U.S.C. s. 1391 and Local Rule 1.04.

7. This Court has personal jurisdiction over Defendant as a Florida limited partnership doing business in the State of Florida.

## General Allegations

8. Defendant is a theme park resort and entertainment complex in Orlando that employs as many as 25,000 people.

9. Plaintiff was an employee of Defendant for approximately 17 years. Defendant may be in possession of an em

10. Plaintiff worked as an entertainer and performer in the Universal Studios theme park, playing Jake Blues of "The Blues Brothers" in a daily musical show.

11. On or around July 2, 2019, Defendant informed Plaintiff that it was suspending his employment pending an investigation into whether he booked an outside show in North Bend, Oregon which Defendant described as a "Blues Brothers tribute show".

12. Defendant alleged that such activity constituted use of a Universal Orlando licensed character, which required prior written permission of Defendant.

13. On or around August 22, 2019, Defendant terminated Plaintiff's employment.

14. Plaintiff followed proper administrative procedures and appealed the decision, but Defendant upheld the termination.

15. The actual reason Defendant terminated Plaintiff was because of his age.

16. At the time of Plaintiff's termination he was 65 years old and the oldest performer playing Jake in the Blues Brothers show.

17. Prior to Plaintiff's termination, Defendant made employment more physically challenging for Plaintiff and the other older performers by refusing to make reasonable accommodations for heat and staging logistics. During this same time period, Defendant demoted the three oldest performers in the show from the number one ranking to the number two ranking. This meant that the older employees no longer had first choice as to work schedule.

18. Additionally, the reason for termination given by the Employer was not consistent with its practices and did not apply to similarly situated younger performers outside of Plaintiff's classification.

19. Prior to and at the time of Plaintiff's termination, there were several performers at Universal Orlando who booked and performed in outside shows playing the same characters they played in the Universal shows.

20. Defendant knew about these outside performances but did not terminate these employees.

21. All of the employees who kept their jobs despite performing as Blues Brothers characters in outside shows were younger than Plaintiff, including at least two employees who were younger than 40 and outside of Plaintiff's classification pursuant to the ADEA.

22. In fact, the performer who played Ellwood Blues (the other Blues Brother) with Plaintiff in an outside show, who is younger than Plaintiff, was not terminated.

23. Additionally, at least one higher-level current employee of Defendant, who is younger than Plaintiff, promoted and performed in outside shows at various times without suffering adverse consequences.

24. The fact that Defendant did not suspend or terminate younger employees, some of whom were outside Plaintiff's protected class, for the same alleged infractions shows that the reason given for Plaintiff's termination was mere pretext.

25. Plaintiff has complied with all conditions precedent for bringing this action, including but not limited to filing a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") in compliance with 29 U.S.C. s. 626.

26. The EEOC closed its investigation and issued a Notice of Right to Sue on August 30, 2021. The Notice is attached as Exhibit "A" and incorporated by reference. This lawsuit has been timely filed within 90 days of receipt of the Notice of Right to Sue.

## **Count I – Violation of Age Discrimination in Employment Act**

27. Plaintiff realleges and incorporates paragraphs 1 through 26 as though fully set forth herein.

28. Defendant qualifies as an Employer under the ADEA because it is engaged in an industry affecting commerce and has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

29. Plaintiff belongs to a protected class under the ADEA because he was over the age of 40 at the time of the adverse employment action.  29 U.S.C. s. 631.

30. Plaintiff was qualified for his job and never received any indication from Defendant to the contrary in 17 years of employment.

31. Pursuant to 29 U.S.C. s. 623, it is unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

32. Defendant violated the ADEA by terminating Plaintiff because of his age.

33. Defendant's stated reason for termination is mere pretext.

34. Defendant treated similarly situated employees who were outside Plaintiff's age classification more favorably.

35. Plaintiff has suffered damages as a result of Defendant's actions, including lost past and future wages, and lost past and future benefits.

36. Plaintiff is entitled to his reasonable attorney's fees and costs pursuant to 29 U.S.C. s. 626 and 29 U.S.C. s. 216.

WHEREFORE, Plaintiff, DAVID EUGENE KOENIG, hereby demands judgment against Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. d/b/a Universal Orlando Resort, for all damages allowable by law, reasonable attorney's fees and costs, and other relief as this Court may deem just.

## Count II – Violation of Florida Civil Rights Act

37. Plaintiff realleges and incorporates paragraphs 1 through 26 as though fully set forth herein.

38. Defendant qualifies as an Employer under the Florida Civil Rights Act because it employs 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

39. Plaintiff belongs to a protected class under the Florida Civil Rights Act.

40. Plaintiff was qualified for his job and never received any indication from Defendant to the contrary in 17 years of employment.

41. Pursuant to section 760.10, *Florida Statutes*, it is unlawful for an employer to discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age.

42. Defendant violated this section by terminating Plaintiff because of his age.

43. Defendant's stated reason for termination is mere pretext.

44. Defendant treated similarly situated employees who were outside Plaintiff's age classification more favorably.

45. Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to lost past and future wages, and lost past and future benefits.

46. Plaintiff is entitled to his reasonable attorney's fees and costs pursuant to section 760.021, *Florida Statutes*.

WHEREFORE, Plaintiff, DAVID EUGENE KOENIG, hereby demands judgment against Defendant, UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD. d/b/a Universal Orlando Resort, for all damages allowable by law, reasonable attorney's fees and costs, and other relief as this Court may deem just.

## **Demand for Jury Trial**

Plaintiff hereby demand a trial by jury on all issues so triable.

Electronically filed on November 26, 2021, using the Court's CM/ECF system.

*/s/ Christopher M. Harne*
Christopher M. Harne, Esq.
Florida Bar No.: 0800791
Christopher M. Harne, P.A.
P.O. Box 1479
Winter Park, FL 32790
(407) 701-2460
chris@harnelaw.com
*Counsel for Plaintiff*